206 N.J. Super. 61 (1985)
501 A.2d 1018
IN RE SUBPOENA AD TESTIFICANDUM TO RENE AVILA, A JOURNALIST.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1985.
Decided December 5, 1985.
*62 Before Judges FRITZ, BRODY and BAIME.
James E. Flynn, First Asst. Hudson Co. Pros. argued the cause for appellant Harold J. Ruvoldt, Jr., Pros. of Hudson County; James E. Flynn, on the brief.
Henry F. Furst argued the cause for respondent Rene Avila.
The opinion of the court was delivered by BRODY, J.A.D.
We granted the Hudson County Prosecutor leave to appeal a Law Division order declaring that Avance, a 20-page tabloid paper printed in Spanish, is a news medium thereby entitling Rene Avila, its owner and publisher, to assert the statutory *63 newsperson's privilege in proceedings before a Hudson County grand jury. N.J.S.A. 2A:84A-21; Evid.R. 27.
N.J.S.A. 2A:84A-21a(a) defines "news media" as
... newspapers, magazines, press associations, news agencies, wire services, radio, television or other similar printed, photographic, mechanical or electronic means of disseminating news to the general public. [Emphasis added.]
Avila contends that Avance is a news medium because it is "similar" to a "newspaper." A "newspaper" is defined by N.J.S.A. 2A:84A-21a(c) as follows:
"Newspaper" means a paper that is printed and distributed ordinarily not less frequently than once a week and that contains news, articles of opinion, editorials, features, advertising, or other matter regarded as of current interest, has a paid circulation and has been entered at a United States post office as second class matter. [Emphasis added.]
Avance is not a "newspaper" as defined by the statute because its copies are free and it is not entered as second-class matter at a United States post office. The Prosecutor contends that because Avance does not satisfy these two specific criteria of the statutory definition of a "newspaper," it cannot be considered "similar" to a "newspaper." We disagree and affirm.
In determining whether Avance is "similar" enough to a "newspaper" to qualify as a news medium, we must be sensitive to the legislative momentum that has steadily expanded the scope of the statutory newsperson's privilege since its first enactment as L. 1933, c. 167. Our Supreme Court has declared that the scope of its present protection is "the greatest extent permitted by the Constitution of the United States and that of the State of New Jersey." In re Myron Farber, 78 N.J. 259, 270 (1978), cert. den., 439 U.S. 997, 99 S.Ct. 598, 58 L.Ed.2d 670 (1978).
Twenty-five thousand copies of Avance are published weekly and distributed free at newsstands and at other places of business in north Hudson County. Avila has been a bona fide journalist in this country since 1965, shortly after his arrival here from Cuba, and has published Avance weekly since 1973. The paper is supported entirely by its advertisers.
*64 The requirement that a paper have a "paid" circulation reflects the Legislature's legitimate concern that to qualify for the privilege, the paper be read by those who receive it. See North Jersey Suburbanite Co., Inc. v. State, 154 N.J. Super. 126, 131-133 (App.Div. 1977). Unsolicited papers left at the door are less likely to be read than papers that are paid for. Demand for a paper, however, can be measured in ways other than by its paid circulation. Here, 25,000 people deliberately pick up copies of Avance every week from places where it is distributed. These selective acts are convincing evidence that Avance is read even though its copies are free.
The United States Postal Service offers low second-class mail rates for matter that qualifies as a periodical. In a democratic society the public must have information to exercise its freedoms in a responsible manner. Favoring "news media" with the newsperson's privilege and favoring a "periodical" with low mailing rates are both designed to foster the gathering and distribution of information to the public. It is therefore not surprising that the definition of "news media" that qualify for the newsperson's privilege is similar to the definition of a "periodical" that qualifies as second-class matter.
References hereafter are to sections in the Domestic Mail Manual (the Manual) incorporated by reference in 39 C.F.R. § 111.1. "Periodical" is defined in § 421.1a as follows:
A periodical is a publication which is published at a stated frequency with the intent to continue publication indefinitely. The primary distribution of each issue must be made before that of each succeeding issue. The primary purpose of a periodical must be the transmission of information. A periodical may consist of original or reprinted articles on a single topic or variety of topics, listings, photographs, illustrations, graphs, a combination of advertising and nonadvertising matter, comic strips, legal notices, editorial material, cartoons, or other subject matter. A periodical must also exhibit continuity from issue to issue. Continuity may be evidenced by serialization of articles or by successive issues carrying the same style, format, theme, or subject matter.
Concern that a publication distributed as second-class mail be read is reflected in elaborate regulations designed to assure that the publication has bona fide paid subscribers. § 422.2. The Manual recognizes that there are other ways, however, to measure readership of a publication. A publication that is free *65 may nevertheless qualify if at least half its copies are distributed to people who expressly request them. Section 422.6 defines a "Requester Publication" as:
A publication, whether circulated free or to subscribers, is eligible for authorization to mail at the rates in 411.21 [regular second-class mail rates] if it meets the requirements in 421 and all of the following requirements:

a. Each issue must contain at least 24 pages;

b. No issue may contain more than 75 percent advertising (see 422.232);

c. The publication must not be owned or controlled by one or more individuals or business concerns and conducted as an auxiliary to and essentially for the advancement of the main business or calling of those who own or control it; and

d. Effective October 1, 1982, the publication must have a legitimate list of persons who request the publication, and 50 percent or more of the copies of the publication must be distributed to persons making such requests. Subscription copies paid for or promised to be paid for including those at or below a nominal rate may be included in the determination of whether the 50 percent request requirement is met. Persons will not be deemed to have requested the publication if their request is induced by a premium offer or by receipt of material consideration. Requests which are more than three years old will not be considered to meet this requirement.
From our examination of a copy of the May 9, 1985 issue that was received in evidence and from facts that are not in dispute, it appears that Avance meets the following statutory criteria of the definition of a "newspaper," including the criteria for obtaining a second-class mail permit as a requester publication:
(1) It is printed and distributed once a week.
(2) It is published with the intent to continue publication indefinitely.
(3) The primary distribution of each issue is made before that of each succeeding issue.
(4) Its primary purpose is the transmission of information.
(5) It contains news, articles of opinion, editorials, features, advertising, and other matter regarded as of current interest.
(6) It exhibits continuity as evidenced by the same style, format, themes and subject matter of successive issues.
(7) No issue contains more than 75% advertising.
(8) It is not an auxiliary to a business that uses the publication to advance its main business interests.
*66 Avance fails to meet the following criteria:
(1) It has no paid circulation. It must be picked up by readers at places where it is distributed.
(2) It does not have a second-class mail permit. According to Avila, mail delivery was so slow that he allowed his permit to lapse.
(3) It has no list of requesters because it is not mailed.
(4) It consists of 20, not 24 pages as required by the Manual to be a requester publication.
Avance deviates from the Legislature's definition of a newspaper in only minor respects. The fact that Avila has not applied for a second-class mail permit is a matter of form, not substance. The Legislature surely did not intend to disqualify a paper simply because it is not mailed. Avance satisfies the essential criteria for obtaining a second-class mail permit. In terms of the strong legislative policy behind the privilege, it is of no moment that Avance consists of 20 and not 24 pages.
The express statutory requirement that a newspaper have a paid circulation and the second-class mail requirement that a free publication have a list of "requesters" reflect the Legislature's concern for evidence that the paper will be read. Here, that evidence is the fact that 25,000 people a week deliberately pick up copies of Avance. Avance is "similar" to a "newspaper" and therefore qualifies as a news medium entitling Avila to assert the newsperson's privilege.
The order appealed from is affirmed.